IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2103-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STEVEN WISEMAN, | ) | |
| | ) | |
| Respondent. | ) | |

Steven Wiseman ("Wiseman" or "respondent") is confined at the Federal Correctional Institution in Butner, North Carolina, awaiting a hearing on the government's petition for his commitment pursuant to 18 U.S.C. § 4248 ("section 4248") [D.E. 1]. On November 23, 2010, Wiseman filed a motion for a hearing to determine the merits of the commitment action [D.E. 30]. On November 30, 2010, the court granted the motion for hearing [D.E. 31]. On December 16, 2010, Magistrate Judge James E. Gates entered a scheduling order [D.E. 34]. The parties engaged in discovery, which closed on September 6, 2011. A hearing on the merits of the commitment action is scheduled for December 13, 2011 [D.E. 65].

On January 6, 2011, Wiseman filed a motion to dismiss the government's petition for his commitment [D.E. 39]. On January 27, 2011, the government responded in opposition [D.E. 41].

Wiseman asserts that section 4248 violates the Due Process Clause of the Fifth Amendment because it lacks adequate procedural safeguards and applies an improper standard of proof. See Mot. Dismiss at 4–9, 16–19. The court rejects these arguments. See, e.g., United States v. Comstock, 627 F.3d 513, 518–25 (4th Cir. 2010); United States v. Carta, 592 F.3d 34, 42–44 (1st Cir. 2010).

Wiseman also seeks dismissal because, at the time of certification, he was about to begin a term of supervised release. Mot. Dismiss at 19. The court rejects this argument. See United States v. Broncheau, 645 F.3d 676, 684–85 (4th Cir. 2011). Similarly, the court rejects the argument that the commitment action constitutes a criminal as opposed to a civil proceeding. See Comstock, 627 F.3d at 520; Carta, 592 F.3d at 42. Finally, the court rejects the argument that section 4248 violates the Equal Protection Clause because the act singles out federal prisoners for possible commitment without proper basis for such classification. See, e.g., Carta, 592 F.3d at 44.

For the reasons stated, the court DENIES respondent's motion to dismiss [D.E. 39].

SO ORDERED. This 21 day of September 2011.

JAMES C. DEVER III
United States District Judge